WEIMER, J., would grant.
HUGHES, J., would grant.
GENOVESE, J., would grant and assigns reasons.
GENOVESE, J., would grant and assigns reasons:
*1035 In this misdemeanor case, after conducting a bench trial, the trial judge found the defendant guilty. Defendant then filed a motion for new trial and a "Motion to Reconsider Verdict and Enter Judgment of Acquittal." Upon reconsideration, the trial judge stated, "I find that the State failed to meet the burden that the defendant was guilty beyond a reasonable doubt, and I set aside my ruling and find the defendant not guilty...." The state applied for writs and the court of appeal, in a split decision, granted the state's writ, ruling that "the motion to reconsider verdict and enter a verdict of not guilty was procedurally improper."
I disagree with the majority's denial of this writ and find the court of appeal's reversal of the trial court in this case an erroneous interpretation of law.
The trial judge's reversal of her own decision prior to sentencing was procedurally proper. The trial judge's ruling was tantamount to a judgment of acquittal, and a judgment of acquittal is recognized not once, but twice, in the Code of Criminal Procedure. La.Code Crim.P. art. 778 and 821.
Because this was a bench trial, the proper procedural vehicle for a judge to change his/her ruling prior to sentencing would be the granting of a motion for acquittal pursuant to La.Code Crim.P. art. 778, which the judge can do, even on its own motion. The trial judge, under those circumstances, could even employ La.Code Crim.P. art. 821, and grant a "post verdict judgment of acquittal," provided a motion for same is made. Though there was no "verdict" in this bench trial, and though La.Code Crim.P. art. 821 is listed in "Chapter 3. TRIAL BY JURY," article 820 in that chapter makes the provisions of the chapter applicable to cases tried without a jury.
The court of appeal erred in ruling that the trial judge's action was procedurally improper. The trial judge was well within her legal authority to change her mind before sentencing and grant, on her own motion, what is tantamount to a motion of acquittal specifically pursuant to La.Code Crim.P. art. 778.
Thus, I would grant the defendant's writ, reverse the court of appeal, and reinstate the trial court's acquittal.